COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

CITY OF SALEM HEALTH SERVICES
 AND VIRGINIA MUNICIPAL GROUP
 SELF-INSURANCE ASSOCIATION
                                      MEMORANDUM OPINION[*]
v.   Record No. 1026-98-3                 PER CURIAM
                                       SEPTEMBER 22, 1998
OZAWA DIANA SKIPPER


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Richard D. Lucas; T. Borden Ellis; Carter,
              Brown & Osborne, on briefs), for appellants.

              (Richard M. Thomas; Rider, Thomas,
              Cleaveland, Ferris & Eakin, on brief), for
              appellee.


     City of Salem Health Services ("employer") contends that the

Workers' Compensation Commission ("commission") erred in (1)

finding that Ozawa D. Skipper ("claimant") proved that her

post-November 5, 1996 disability and medical treatment were

causally related to her compensable October 9, 1996 injury by

accident; (2) finding that the medical treatment rendered to

claimant by Drs. Cecil B. Knox, III, Verna M. Lewis, and Mary C.

Williams, and licensed professional counselor Susan Riggs, was

authorized; and (3) shifting the burden of proof to employer by

requiring it to establish that the medical treatment rendered by

Drs. Knox, Lewis, and Williams and counselor Riggs, was

unreasonable and unnecessary.  Upon reviewing the record and the

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.

## I. Causation

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

In holding that claimant proved that her post-November 5, 1996 disability and medical treatment were causally related to her compensable October 9, 1996 injury by accident, the commission found as follows:

> Deputy Commissioner Costa concluded that the claimant suffered injuries in the October 9, 1996 accident which were aggravated by the October 28, 1996 accident. We agree, and we also conclude that the claimant's psychiatric illness was caused by a combination of the two accidents. . . . In this case, we find that the claimant's psychiatric condition as diagnosed by Dr. Williams was caused by both of the accidents acting in concert. We find her opinions more persuasive than Dr. Smith's conclusions. We note that the claimant did have prior traumatic events which occurred in her life, but these were fairly distant in time in comparison to the automobile

accidents. Despite these earlier traumas, the claimant was able to continue to work and function until the two October accidents.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 214 (1991). In its role as fact finder, the commission was entitled to weigh the medical evidence, to accept the opinions of Drs. Knox, Lewis, and Williams, and to reject any contrary medical opinions. The opinions of Drs. Knox, Lewis, and Williams constitute credible evidence to support the commission's decision. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

## II. and III.  Medical Treatment

Uncontradicted credible evidence proved that employer disclaimed liability for any medical treatment after claimant's second accident and failed to offer claimant a panel of physicians when Dr. Louis J. Castern, the treating physician, discharged claimant from his care on November 5, 1996. Under these circumstances, claimant was entitled to choose her own physician. See Bassett Burkeville Veneer v. Slaughter, 21 Va. App. 575, 578-79, 466 S.E.2d 127, 129 (1996).

Moreover, credible evidence established that claimant first sought treatment from Riggs upon employer's recommendation and

then Dr. Knox, who referred her to Drs. Williams and Lewis. Accordingly, the commission properly ruled that the treatment rendered to claimant by Drs. Knox, Williams, and Lewis and counselor Riggs, was authorized.

We also find that the commission did not impermissibly shift the burden of proof to employer. The medical records of Drs. Knox, Williams, and Lewis, and counselor Riggs, provided credible evidence to prove that their medical treatment was reasonable and necessary. The commission did not err in concluding that employer's evidence failed to rebut claimant's medical evidence. In addition, the commission did not err in declining to address the issue of a change in treating physicians where employer failed to raise that issue at the hearing before the deputy commissioner.

For these reasons, we affirm the commission's decision.[1]

Affirmed.

---

[1]In her brief, claimant "asks that she be awarded interest on all payments delayed by the appeal in accordance with the provisions of [Code] Section 65.2-707 . . . ." We need not rule on this request. The provisions of the code section operate as a matter of law. We leave it to the commission to oversee the enforcement of those provisions.